BYERS *v.* WOOD.

No. 10992.   June 12, 1936.

*Howell Brooke,* for plaintiff.

*E. C. Brannon* and *B. R. Taylor,* for defendant.

Russell, Chief Justice.   M. H. Byers filed an equitable petition against Mrs. Emma Wood, praying that the defendant be required to produce a certain note executed and delivered by him to the defendant, in order that the same may be canceled, and be required to execute a deed conveying to the plaintiff good and sufficient title to the land described in a bond for title held by him, and that the plaintiff have judgment for the sum of $400 as damages, "because of the shortage in acreage of said tract." Further, that, upon the defendant's failure to deliver plaintiff said note and make the warranty deed prayed for, the court decree the note to be canceled, and that title to said land vest in the plaintiff, and that he have judgment against the defendant for the $400 recouped as his damages.   Attached to the petition was a copy of plaintiff's bond for title, which, after describing by numbers certain land lots and portions of lots, stated: "being all the land sold at auction on April 5th, 1929 on said premises as the land of Mrs. Wood as per blueprint made by Chas. R. Pitman, Engineer, to be put upon the deed records of Dawson County, aggregating 150 acres more or less."   The controlling question in this case, as to which all others are subsidiary, is whether the sale of the land was by the acre, as insisted by the plaintiff in his testimony, or by the tract, as it is set forth in the written instrument.   The court having correctly held that as matter of law the sale of the tract of land as 150 acres more or less was not a sale of land by acreage, but as a tract, and the testimony of the plaintiff failing to show that any fraud was perpetrated upon him in his purchase of the realty, he having been furnished with the plat according to which the sale was conducted, and having had every opportunity to inspect the land itself, there could be no apportionment of the price and no recovery of damages, especially in view of the fact that the plaintiff was and is in possession of the entire tract purchased by him, except a few acres, the major por-

tion of which the testimony of the plaintiff showed he had not cared to take possession of, though, so far as he knows, no one has possession thereof.

■ Since a jury could not lawfully have rendered a verdict different from that directed by the court, it was not error to speed ·the litigation by directing the finding in favor of the defendant of the balance due on the plaintiff's note for the purchase-money of the land, with interest thereon. In the decree of the court the rights of the plaintiff are fully protected by a judgment establishing his title to the land as against the defendant upon his payment of the unpaid purchase-price with interest thereon. The court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*